UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

KRYSTINNA LEE,

        Plaintiff,

v.

FLY LOW, INC., d/b/a KING OF
DIAMONDS, a Florida Corporation; AK "N"
ELI, LLC d/b/a KING OF DIAMONDS, a
Florida Limited Liability Company;
KODRENYC, LLC, a Florida Limited
Liability Company; ELLIOT "ELI"
KUNSTLINGER, an individual; BRIAN
ABRAHAM, an individual; AKIVA "AK"
FEINSOD, an individual; and, AKINYELE
ADAMS, an individual;

        Defendants.
_____

## **COMPLAINT**

Plaintiff, KRYSTINNA LEE ("Lee" or "Plaintiff"), sues the Defendants, FLY LOW,

INC., d/b/a KING OF DIAMONDS, a Florida Corporation ("Fly Low"); AK "N" ELI, LLC

d/b/a KING OF DIAMONDS, a Florida Limited Liability Company ("AK"); KODRENYC,

LLC, a Florida Limited Liability Company ("KODRENYC"); ELLIOT "ELI" KUNSTLINGER,

an individual ("Kunstlinger"); BRIAN ABRAHAM, an individual ("Abraham"); AKIVA "AK"

FEINSOD, an individual ("Feinsod"); and, AKINYELE ADAMS, an individual ("Adams")

(collectively referred herein as "Defendants") and alleges as follows:

## NATURE OF ACTION

1.      This action to recover money damages for straight wages and retaliation under Fair Labor Standards Act, 29 U.S.C. § 201-219 ("the Act").

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4), and 29 U.S.C. §216.

3.      Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Lee occurred within this judicial district and because Defendants have its principal place of business within the district, reside in the judicial district and because the employment records of Lee are stored or have been administered, in Miami-Dade County.

## PARTIES

4.      At all times material, Lee was and is a resident of Miami-Dade County, Florida.

5.      At all times material, Lee is a covered employee for purposes of the Act.

6.      At all times material, Defendants owned and operated "King of Diamonds," a gentleman's club located in Miami.

7.      At all times material, Fly Low is a Florida Corporation having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Act.

8.      AK is a Florida Limited Liability Company having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Act.

9.      KODRENYC is a Florida Limited Liability Company having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Act.

10.     AK and KODRENYC share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations.  AK and

KODRENCY are an integrated enterprise.  Alternatively, each company is an enterprise under the Act.

11.     AK and KODRENYC also share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies.  AK and KODRENYC are joint employers.  Alternatively, each company is an enterprise under the Act.

12.     Kunstlinger, upon information and belief, resides in Miami-Dade County, Florida. Kunstlinger is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds."  Upon information and belief, Kunstlinger is also an officer and/or owner and/or manager of AK and KODRENYC.  Kunstlinger ran the day-to-day operations of "King of Diamonds" for Lee's period of employment ("the relevant time period") and had the power to hire and fire employees; determine salaries; was responsible for paying Lee's wages and controlled Lee's work and schedule; issued disciplinary warnings and directly supervised all employees, including Lee; maintained employment records and was an individual who showed other signs of operational control over significant aspects of  "King of Diamonds'" day-to-day functions during the relevant time period and was therefore, Lee's employer as defined by the Act.

13.     Abraham, upon information and belief, resides in Miami-Dade County, Florida. Abraham is a manager of "King of Diamonds."  Upon information and belief, Abraham is also an officer and/or owner and/or manager of AK and KODRENYC.  Abraham ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Lee's wages and controlled Lee's work and schedule,

issued disciplinary warnings and directly supervised all employees, including Lee and was therefore, Lee's employer as defined by the Act.

14.     Feinsod, upon information and belief, resides in Miami-Dade County, Florida. Feinsod is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds."   Upon information and belief, Feinsod is also an officer and/or owner and/or manager of AK and KODRENYC.   Feinsod ran the day-to-day operations of "King of Diamonds" for the relevant time period and had the power to hire and fire employees; determine salaries; maintained employment records and was an individual who showed other signs of operational control over significant aspects of "King of Diamonds'" day-to-day functions and was therefore, Lee's employer as defined by the Act.

15.     Adams upon information and belief, resides in Miami-Dade County, Florida. Adams is a manager of "King of Diamond."   Upon information and belief, Adams is also an officer and/or owner and/or manager of AK and KODRENYC.   Adams ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Lee's wages and controlled Lee's work and schedule, issued disciplinary warnings and directly supervised all employees, including Lee and was therefore, Lee's employer as defined by the Act.

## COUNT I: WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST FLY LOW

16.     Lee re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

17.     This action is brought by Lee to recover from Fly Low unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees

under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

18.      Fly Low is and at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

19.      Lee's work for Fly Low likewise affects interstate commerce. Fly Low employed Lee as a bartender, and through her daily activities, Lee regularly worked with goods that were moved across State lines at any time in the course of business. Lee was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce. Thus, Lee is a covered employee for the purpose of the Act.

20.      29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

21.      Fly Low employed Lee from approximately January 2014 to January 2015.  For an approximate period of twenty-nine (29) weeks of her employment, Lee was not paid any wages and/or was not paid at least at the minimum rate of $7.25 established by the law.  Fly Low's wage payment practices to Lee for this time period did not meet the federal minimum wage law requirements as Lee was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

22.      The records, if any, concerning the number of hours actually worked by Lee and all other similarly situated employees, and the compensation actually paid to such employees

should be in the possession and custody of Fly Low.  However, upon information and belief, Fly Low did not maintain accurate and complete time records of hours worked by Lee and other similarly situated employees.

23.     Fly Low violated the record keeping requirements of the Act.

24.     Prior to the completion of discovery and to the best of Lee's knowledge, at the time of the filing of this complaint, Lee's good faith estimate of unpaid wages are as follows:

    a.  **Actual Damages:** $5,046.00

        i.  <u>Calculation</u>:
           $7.25 (minimum wage) x approximately 24 hours (per week) x 29 (compensable weeks) = $5,046.00

    b.  **Liquidated Damages:** $5,046.00

    c.  **Total Damages:** $10,092.00 (actual damages plus liquidated damages as permitted by law) plus an additional amount in reasonable *attorneys' fees* to be determined post-trial.

25.     Fly Low unlawfully failed to pay Lee minimum wages for the hours and relevant time periods specified above.

26.     Fly Low knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Lee and those similarly situated these minimum wages during the relevant time period as set forth above. As such, Lee and those similarly situated are entitled to recover double damages.

27.     Fly Low willfully and intentionally refused to pay Lee minimum wages as required by the law of the United States as set forth above and remains owing Lee these wages for the relevant time period of Lee's employment with "King of Diamonds."

6

28.     Lee has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Lee and those similarly-situated request that this Honorable Court:

A.      Enter judgment for Lee and other similarly-situated and against Fly Low on the basis of the Fly Low's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.      Award Lee actual damages in the amount shown to be due for unpaid wages;

C.      Award Lee an equal amount in double damages/liquidated damages;

D.      Award Lee reasonable attorneys' fees and costs of suit; and,

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

**COUNT II:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST AK**

29.     Lee re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

30.     This action is brought by Lee to recover from AK unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

31.     AK is and at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

32.     Lee's work for AK likewise affects interstate commerce. AK employed Lee as a bartender, and through her daily activities, Lee regularly worked with goods that were moved

across State lines at any time in the course of business. Lee was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce. Thus, Lee is a covered employee for the purpose of the Act.

33.     29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

34.     AK employed Lee from approximately January 2014 to January 2015. For an approximate period of twenty-nine (29) weeks of her employment, Lee was not paid any wages and/or was not paid at least at the minimum rate of $7.25 established by the law. AK's wage payment practices to Lee for this time period did not meet the federal minimum wage law requirements as Lee was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

35.     The records, if any, concerning the number of hours actually worked by Lee and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of AK. However, upon information and belief, AK did not maintain accurate and complete time records of hours worked by Lee and other similarly situated employees.

36.     AK violated the record keeping requirements of the Act.

37.     Prior to the completion of discovery and to the best of Lee's knowledge, at the time of the filing of this complaint, Lee's good faith estimate of unpaid wages are as follows:

a. **Actual Damages:** $5,046.00

      ii.    <u>Calculation</u>:
            $7.25 (minimum wage) x approximately 24 hours (per week) x 29 (compensable weeks) = $5,046.00

  b.  **Liquidated Damages:** $5,046.00

  c.  **Total Damages:** $10,092.00 (actual damages plus liquidated damages as permitted by law) plus an additional amount in reasonable *attorneys' fees* to be determined post-trial.

38.    AK unlawfully failed to pay Lee minimum wages for the hours and relevant time periods specified above.

39.    AK knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Lee and those similarly situated these minimum wages during the relevant time period as set forth above. As such, Lee and those similarly situated are entitled to recover double damages.

40.    AK willfully and intentionally refused to pay Lee minimum wages as required by the law of the United States as set forth above and remains owing Lee wages for the relevant time period of Lee's employment with "King of Diamonds."

41.    Lee has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**PRAYER FOR RELIEF**

**WHEREFORE**, Lee and those similarly-situated request that this Honorable Court:

A.    Enter judgment for Lee and other similarly-situated and against AK on the basis of the AK's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.    Award Lee actual damages in the amount shown to be due for unpaid wages;

9

C.      Award Lee an equal amount in double damages/liquidated damages;

D.      Award Lee reasonable attorneys' fees and costs of suit; and,

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

### COUNT III:  <u>WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST KODRENYC</u>

42.      Lee re-adopts each and every factual allegation as stated in paragraphs 1-15 above as if set out in full herein.

43.      This action is brought by Lee to recover from KODRENYC unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

44.      KODRENYC is and at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

45.      Lee's work for KODRENYC likewise affects interstate commerce. KODRENYC employed Lee as a bartender, and through her daily activities, Lee regularly worked with goods that were moved across State lines at any time in the course of business. Lee was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce. Thus, Lee is a covered employee for the purpose of the Act.

46.      29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24,

2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

47.      KODRENYC employed Lee  from approximately January 2014 to January 2015. For an approximate period of twenty-nine (29) weeks of her employment, Lee was not paid any wages and/or was not paid at least at the minimum rate of $7.25 established by the law. KODRENYC's wage payment practices to Lee for this time period did not meet the federal minimum wage law requirements as Lee was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

48.      The records, if any, concerning the number of hours actually worked by Lee and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of KODRENYC.  However, upon information and belief, KODRENYC did not maintain accurate and complete time records of hours worked by Lee and other similarly situated employees.

49.      KODRENYC violated the record keeping requirements of the Act.

50.      Prior to the completion of discovery and to the best of Lee's knowledge, at the time of the filing of this complaint, Lee's  good faith estimate of unpaid wages are as follows:

   a. **Actual Damages:** $5,046.00

      iii.      Calculation:
               $7.25 (minimum wage) x approximately 24 hours (per week) x 29 (compensable weeks) = $5,046.00

   b. **Liquidated Damages:** $5,046.00

   c. **Total Damages:** $10,092.00 (actual damages plus liquidated damages as permitted by law) plus an additional amount in reasonable *attorneys' fees* to be determined post-trial.

51.     KODRENYC unlawfully failed to pay Lee minimum wages for the hours and relevant time periods specified above.

52.     KODRENYC knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Lee and those similarly situated these minimum wages during the relevant time period as set forth above. As such, Lee and those similarly situated are entitled to recover double damages.

53.     KODRENYC willfully and intentionally refused to pay Lee minimum wages as required by the law of the United States as set forth above and remains owing Lee wages during the relevant time period of Lee's employment with "King of Diamonds."

54.     Lee has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Lee and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Lee and other similarly-situated and against KODRENYC on the basis of the KODRENYC's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.     Award Lee actual damages in the amount shown to be due for unpaid wages;

C.     Award Lee an equal amount in double damages/liquidated damages;

D.     Award Lee reasonable attorneys' fees and costs of suit; and,

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

### COUNT IV:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST KUNSTLINGER

55.     Lee re-adopts each and every factual allegation as stated in paragraphs 1-54 above as if set out in full herein.

56.     This action is brought by Lee to recover from Kunstlinger unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

57.     Kunstlinger was an employer of Lee and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly or indirectly in the interests of "King of Diamonds" in relation to the employees of "King of Diamonds", including Lee and others similarly situated.  Kunstlinger is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Kunstlinger is also an officer and/or owner and/or manager of AK and KODRENYC.  Kunstlinger ran the day-to-day operations of "King of Diamonds" and had the power to hire and fire employees; determine salaries; was responsible for paying Lee's wages and controlled Lee's work and schedule; issued disciplinary warnings and directly supervised all employees, including Lee; maintained employment records and was an individual who showed other signs of operational control over significant aspects of  "King of Diamonds" day-to-day functions during the relevant time period and is therefore, jointly liable for Lee's damages.

58.     Kunstlinger is and was at all times relevant, an individual in control of the financial affairs of "King of Diamonds" as an officer/owner/manager of AK and KODRENYC and can cause the owners/managers of "King of Diamonds" to compensate (or not compensate) its employees in accordance with the Act.

59.     Kunstlinger willfully and intentionally caused Lee not to receive minimum wages as required by the law of the United States as set forth above and remains owing Lee these wages for the relevant time period as set forth above.

60.     Lee has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Lee and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Lee and other similarly-situated and against Kunstlinger on the basis of the Kunstlinger's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.     Award Lee actual damages in the amount shown to be due for unpaid wages;

C.     Award Lee an equal amount in double damages/liquidated damages;

D.     Award Lee reasonable attorneys' fees and costs of suit; and,

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

### COUNT V:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST ABRAHAM

61.     Lee re-adopts each and every factual allegation as stated in paragraphs 1-54 above as if set out in full herein.

62.     This action is brought by Lee to recover from Abraham unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

63.     Abraham was an employer of Lee and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly or indirectly in the interests of "King of Diamonds" in relation to the employees of "King of Diamonds", including Lee and others similarly situated.  Abraham is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Abraham is also an officer and/or owner and/or manager of AK and KODRENYC.  Abraham ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Lee's wages and controlled Lee's work and schedule, issued disciplinary warnings and directly supervised all employees and is therefore, jointly liable for Lee's damages.

64.     Abraham is and was at all times relevant, an individual in control of the financial affairs of "King of Diamonds" as an officer/owner/manager of AK and KODRENYC and can cause the owners/managers of "King of Diamonds" to compensate (or not compensate) its employees in accordance with the Act.

65.     Abraham willfully and intentionally caused Lee not to receive minimum wages as required by the law of the United States as set forth above and remains owing Lee these wages for the relevant time period as set forth above.

66.     Lee has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Lee and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Lee and other similarly-situated and against Abraham on the basis of the Abraham's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201

*et seq.* and other Federal Regulations;

B.     Award Lee actual damages in the amount shown to be due for unpaid wages;

C.     Award Lee an equal amount in double damages/liquidated damages;

D.     Award Lee reasonable attorneys' fees and costs of suit; and,

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

### COUNT VI: <u>WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST FEINSOD</u>

67.     Lee re-adopts each and every factual allegation as stated in paragraphs 1-54 above as if set out in full herein.

68.     This action is brought by Lee to recover from Feinsod unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.* and specifically under the provisions of 29 U.S.C. §206.

69.     Feinsod was an employer of Lee and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly or indirectly in the interests of "King of Diamonds" in relation to the employees of "King of Diamonds", including Lee and others similarly situated.  Feinsod is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Feinsod is also an officer and/or owner and/or manager of AK and KODRENYC. Feinsod ran the day-to-day operations of "King of Diamonds" for the relevant time period and had the power to hire and fire employees; determine salaries; maintained employment records and who showed other signs of operational control over significant aspects of  "King of Diamonds" day-to-day functions and is therefore, jointly liable for Lee's damages.

16

70.     Feinsod is and was at all times relevant, an individual in control of the financial affairs of "King of Diamonds" as an officer/owner/manager of AK and KODRENYC and can cause the owners/managers of "King of Diamonds" to compensate (or not compensate) its employees in accordance with the Act.

71.     Feinsod willfully and intentionally caused Lee not to receive minimum wages as required by the law of the United States as set forth above and remains owing Lee these wages for the relevant time period as set forth above.

72.     Lee has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Lee and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Lee and other similarly-situated and against Feinsod on the basis of the Feinsod's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.     Award Lee actual damages in the amount shown to be due for unpaid wages;

C.     Award Lee an equal amount in double damages/liquidated damages;

D.     Award Lee reasonable attorneys' fees and costs of suit; and,

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

## COUNT VII:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST ADAMS

73.     Lee re-adopts each and every factual allegation as stated in paragraphs 1-54 above as if set out in full herein.

17

74.    This action is brought by Lee to recover from Adams unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

75.    Adams was an employer of Lee and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly or indirectly in the interests of "King of Diamonds" in relation to the employees of "King of Diamonds", including Lee and others similarly situated.  Adams is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Adams is also an officer and/or owner and/or manager of AK and KODRENYC. Adams ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Lee's wages and controlled Lee's work and schedule, issued disciplinary warnings and directly supervised all employees, including Lee and is therefore, jointly liable for Lee's damages.

76.    Adams is and was at all times relevant, an individual in control of the financial affairs of "King of Diamonds" as an officer/owner/manager of AK and KODRENYC and can cause the owners/managers of "King of Diamonds" to compensate (or not compensate) its employees in accordance with the Act.

77.    Adams willfully and intentionally caused Lee not to receive minimum wages as required by the law of the United States as set forth above and remains owing Lee these wages for the relevant time period as set forth above.

78.    Lee has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Lee and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Lee and other similarly-situated and against Adams on the basis of the Adams's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.     Award Lee actual damages in the amount shown to be due for unpaid wages;

C.     Award Lee an equal amount in double damages/liquidated damages;

D.     Award Lee reasonable attorneys' fees and costs of suit; and,

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

## COUNT VIII: FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE AGAINST ALL DEFENDANTS

79.     Lee re-adopts each and every factual allegation as stated in paragraphs 1 through 78 above as if set out in full herein.

80.     Defendants willfully and intentionally refused to pay Lee her legally owed wages as required by the laws of the United States and remain owing Lee these wages as set forth above.

81.     29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

82.     Lee complained about her unpaid minimum wages on multiple occasions.  In response to Lee's complaints, Defendants began to schedule her on "slow" days and continued to

withhold her wages.  As a result of these actions, Lee was forced to resign her position with Defendants on January 21, 2015.

83.     The motivating factors, which caused Lee's constructive discharge as described above, were the complaints seeking the payment of owed minimum wages from the Defendants. In other words, Lee would not have been forced to resign her position but for her complaint about unpaid wages.

84.     Defendants' constructive termination of Lee was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Lee has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, Lee, requests that this Honorable Court:

A.      Enter a judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B.      Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, attorney's fees and costs, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Plaintiff, Krystinna Lee requests a trial by jury on all issues so triable.

Dated: February 12, 2015.

By:/s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Ria N. Chattergoon, Esquire
Fla. Bar No.: 15099
Email: ria@saenzanderson.com


SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549